## Case No. 2,332.

### The CAMBRIDGE.

### [4 Ben. 366.] [1]

District Court, E. D. New York. Nov. Term, 1870.

COLLISION AT PIER—TOWBOAT AND TOW—FENDERS.

1. The schooner M. was lying at the end of a pier in the harbor of New York. She was just going to sea, and had cast off part of her lines and was hoisting her foresail. A large steamer was being brought in at the next pier by two tugs, the U. and the C., and it became necessary to land her at the pier where the M. was lying, in doing which the M. was injured. It appeared that the steamer had no power of her own, and that the process of landing her was governed by the master of the tug C. It appeared also that, before the steamer struck the M., the U. had let go of her. Neither the steamer nor the schooner had fenders out. *Held*, that the steamer, being under the exclusive control of the tugs, was not responsible for the collision. The U. was also free from responsibility for it.

2. Vessels moored at piers must be of sufficient strength to bear without injury the ordinary pressure which may be reasonably expected to come upon them from vessels moored or landing alongside; and it was not shown that there was the absence of such strength in the M.

3. The tug C. was in fault, in attempting to land so large a vessel as the steamer alongside a small vessel, knowing, as she did, that the steamer had no fenders, and admitting by her answer that the want of fenders would cause damage.

4. As the schooner was just getting ready to go to sea, she had the right to suppose that no

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

vessel would, under the circumstances, attempt to land along side, and, in the absence of any notice to her of any intention to land the steamer against her, she was not in fault in not having fenders out.

[In admiralty. Libel by the owners of the schooner Magnolia against the steamship Cambridge and the steamtugs Underhill and Chase for damages caused by collision.]

Benedict & Benedict, for libellant.

W. W. Niles, for the Cambridge.

Beebe, Donohue & Cooke, for the Underhill and the Chase.

BENEDICT, District Judge. This case, formidable as is its title, involves but a small amount, and should have been settled without the expense of a trial. The facts are not in dispute. The schooner Magnolia was lying at the end of pier 41, in the East river, where she had been loaded and, when injured, was hoisting her foresail preparatory to leaving. The Cambridge, a steamer of 1,800 tons, was being moved from the foot of 9th street to the box dock at pier 42 in the East river. She had no steam or sails on, but was being moved by two tugs, one on each side. She was late in starting from 9th street, and by the time she had arrived off the box dock the ebb tide had commenced to flow, which rendered it necessary to turn her around head to the tide, land her at pier 41, and then warp her into the box dock by a line to pier 41; and, in the operation of landing the steamer, she swung alongside the Magnolia with sufficient force to do the damage for which this action is brought. The Chase was the tug which was employed to move the steamer, and all the orders came from her master, who was upon the deck of the steamer, and in charge of the operations at the time of the injuries to the schooner. The Underhill had cast off her hawser, to enable the steamer to swing alongside the schooner, and was not then connected with the steamer by any line. The defence set up by the Underhill is, that she was in no way responsible for the force with which the steamer came alongside the Magnolia as she was cast off, and the Chase was not only the sole motive power at the time, but had also the general charge of the movements of all the vessels. This defence the proofs sustain, and, accordingly, the libel, so far as the Underhill is concerned, must be dismissed.

The defence set up by the steamer is, that she was without motive power, and was moved and controlled solely by the tugs, who were alone responsible for the movements of the steamer. This defence is proved, and the libel against the steamer must, accordingly, be dismissed.

The answer of the Chase is, that the schooner was old and rotten, and unable to bear ordinary pressure; that she was improperly lying without any fenders on the

outside to protect her; that the steamboat was landed with care, and, had the schooner been in a sound condition, even without fenders, no injury could have happened; that the steamer was also without fenders upon the outside, and any damage done was owing to the absence of fenders from both the said steamer and the schooner.

I entertain no doubt of the correctness of the position taken by the respondent, that vessels moored at the piers of this crowded harbor are bound to be of sufficient strength to bear without injury the ordinary pressure which may reasonably be expected to come upon them from vessels moored or landing alongside. But in the present case the proofs fail to show any absence of such strength on the part of the schooner. This being so, the case set up by the Chase might be considered disposed of, inasmuch as the answer, where it charges that had the schooner been in a sound condition, even without fenders, no injury could have happened, rests the defence solely upon the want of strength on the part of the schooner. But it also follows affirmatively from this answer, that the Chase is guilty of negligence, in this, that knowing, as it is proved she did, that the steamer was without fenders, and admitting, as she does, that the want of fenders would cause damage, she undertook to land so large a vessel thus unprovided alongside a small vessel like the schooner. It was, on her own showing, a hazardous operation, and, having attempted it, as between her and the schooner, she must be held responsible for the failure of success. Nor do I consider that the schooner can be held guilty of fault in not having fenders on the outside. The Cambridge cannot claim this, for she nowhere alludes in her answer to the want of fenders on the schooner as a cause of the damage. The omission is significant, as showing that, in the opinion of those on the steamer, this was not the cause of the injury. The Chase is equally precluded by her answer from taking this ground, for although she charges the want of fenders as a fault in one part of her answer, in another place she avers that the rotten condition of the schooner was the sole cause of the damage. Moreover, it appears from the evidence that the schooner was just ready for sea, with a part of her lines cast off, and in the act of hoisting her foresail. So situated, she had the right to suppose that no vessel would, at that time, attempt to land alongside of her—certainly she could not suppose that this large steamer would thus come alongside of her as she did. Nor was she notified of such intention by those in charge of the landing of the steamer—a notice which could easily have been given, and which, under the circumstances, should have been given, to make a case of neglect on the part of the schooner. I do not, therefore, consider the schooner in fault for not having fenders out on her outside, assuming, what is by no means clear to me, that fenders on the schooner would have prevented the injury. The libel as against the Underhill will, accordingly, be dismissed with costs. The libel as against the Cambridge will also be dismissed with costs, and a decree rendered in favor of the libellant against the Chase for the amount of the damages, with costs.